CASE NO.: CV-07-2324-DDP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

_____

RUBY MORALES, a minor and incompetent by and through
her Guardian ad Litem, Denielle Morales,
Plaintiff, Appellant, and Cross-Appellee

vs.

BRUCE G. FAGEL, a law corporation; and BRUCE G. FAGEL
individually, Defendants, Appellees, and Cross-Appellants
_____

Appeal From Judgment of The U.S. Bankruptcy Court
Central District of California
Honorable Samuel L. Bufford, Bankruptcy Judge
Adversary Case No.: 2:01-ap-01710-SB
_____

**APPELLANT'S AND CROSS-APPELLEE'S OBJECTION
TO APPELLEES' INCLUSION
OF NOTICE OF *ERRATAUM* IN APPELLATE RECORD;
DECLARATION OF ALAN F. BROIDY**
_____

LAW OFFICES OF ALAN F. BROIDY, APC
Alan F. Broidy, Esq.
1925 Century Park East, 17th Floor
Los Angeles, CA 90067
Phone (310) 266-6601
Fax (310) 266-6610

Counsel for Plaintiff, Appellant, and Cross-Appellee
RUBY MORALES, a minor and incompetent by and through
her Guardian ad Litem, Denielle Morales

Ruby Morales, a minor and incompetent by and through her Guardian ad Litem, Denielle Morales ("Appellant" or "Morales") hereby files this Objection to Appellees' Inclusion of Notice of *Errataum* in Appellate Record and states as follows:

1. In their Excerpts of Record, Appellees and Cross-Appellants cite to the Verified Notice of *Erratum* dated November 15, 2006, Re Exhibits to Objection ("Objection") of Bruce G. Fagel and Bruce G. Fagel, A Law Corporation ("Fagel") to Plaintiff Ruby Morales's Schedule of Damages for Computation of Judgment and Proposed Judgment (hereinafter "Revised Fagel's Schedule"). Morales objects to the inclusion of the Revised Fagel's Schedule because it was not part of the record below. Neither Morales nor the bankruptcy court ever reviewed the Revised Fagel's Schedule because it was filed on November 15, 2006, over eight months after the Judgment was entered.

2. By way of background, the Defendants' Schedule of Damages dated December 7, 2006 ("Fagel's Schedule") was not initially filed on PACER or designated in Fagel's Designation of Record. Rather, as set forth in the attached Declaration of Alan F. Broidy, the parties stipulated to supplement the record and include Fagel's Schedule and the Objection. Fagel's Schedule was attached as an exhibit to the Objection, and Mr. Broidy confirmed that the Objection had indeed

been received by Morales in December 2006.  In addition, Mr. Eisenberg, counsel for Fagel, forwarded to Mr. Broidy a file-stamped copy of the Objection.  Nevertheless, neither the Objection nor Fagel's Schedule was docketed on PACER.

3.     Under these circumstances, it was clear that the bankruptcy clerk's office had simply erred in not docketing the Objection, and Morales had no issue whatsoever in stipulating to supplement the record to include the Objection, together with Fagel's Schedule which was attached as an exhibit to the Objection.

4.     In contrast with the Objection and Fagel's Schedule, the Revised Fagel's Schedule was not filed, docketed, or served prior to the entry of the Judgment.  There is nothing in the record below that reflects that the bankruptcy court ever saw the Revised Fagel's Schedule prior to signing the Judgment.  Such evidence would be surprising, to say the least, inasmuch as the Revised Fagel's Schedule was not filed and served until November 15, 2006, two weeks after Appellant filed her Opening Brief and more than eight months after the entry of the Judgment.

5.     Since the Revised Fagel's Schedule was not and could not be part of the record below, this Motion should be granted.

WHEREFORE, Morales requests that the Revised Fagel's Schedule be strickened from the record of this Appeal.  To the extent this Court grants this Motion, Morales further requests that all references to the Revised Fagel's Schedule in Fagel's briefs be disregarded in their entirety.

Dated: February 26, 2008          LAW OFFICES OF ALAN F. BROIDY, APC


                                  By: /S/                    Alan F. Broidy
                                       ALAN F. BROIDY
                                       Attorneys for Appellant and Cross-Appellee

# DECLARATION OF ALAN F. BROIDY

I, ALAN F. BROIDY, declare as follows:

1.    I am the principal of Law Offices of Alan F. Broidy, APC ("Broidy"), counsel for Ruby Morales, a minor and incompetent, by and through her Guardian as litem, Denielle Morales ("Morales"). If called upon as a witness, I could and would testify to the following, all of which is within my personal knowledge.

2.    In their Excerpts of Record, Appellees and Cross-Appellants cite to the Verified Notice of *Erratum* dated November 15, 2006, Re Exhibits to Objection ("Objection") of Bruce G. Fagel and Bruce G. Fagel, A Law Corporation ("Fagel") to Plaintiff Ruby Morales's Schedule of Damages for Computation of Judgment and Proposed Judgment (hereinafter "Revised Fagel's Schedule"). Morales objects to the inclusion in the record of the Revised Fagel's Schedule because it was not part of the record below. Neither Morales nor the bankruptcy court ever reviewed the Revised Fagel's Schedule because it was filed on November 15, 2006, over eight months after the Judgment was entered.

3.    By way of background, the Defendants' Schedule of Damages dated December 7, 2006 ("Fagel's Schedule") was not initially filed on PACER or designated in Fagel's Designation of Record. Rather, the parties stipulated to

supplement the record and include Fagel's Schedule and the Objection. Morales was willing to do this because Fagel's Schedule was attached as an exhibit to the Objection, and I confirmed that the Objection had indeed been received by Morales in December 2006. Mr. Eisenberg forwarded to me a file-stamped copy of the Objection, including Fagel's Schedule. Nevertheless, neither the Objection nor Fagel's Schedule was docketed on PACER.

4. Under these circumstances, it was clear that the bankruptcy clerk's office had simply erred in not docketing the Objection, and Morales had no issue whatsoever in stipulating to supplement the record to include the Objection, together with Fagel's Schedule which was attached as an exhibit to the Objection.

5. In contrast with the Objection and Fagel's Schedule, the Revised Fagel's Schedule was not filed, docketed, or served prior to the entry of the Judgment. There is nothing in the record below that reflects that the bankruptcy court ever saw the Revised Fagel's Schedule prior to signing the Judgment. Such evidence would be surprising, to say the least, inasmuch as the Revised Fagel's Schedule was not filed and served until November 15, 2006, two weeks after Morales filed her Opening Brief and more than eight months after the entry of the Judgment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on February 26, 2008 at Los Angeles, California.


        /S/                      Alan F. Broidy
        ALAN F. BROIDY

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 Century Park East, 17th Floor, Los Angeles, California 90067.

On February 26, 2008, I served the foregoing documents described as: **APPELLANT'S AND CROSS-APPELLEE'S OBJECTION TO APPELLEES' INCLUSION OF NOTICE OF *ERRATAUM* IN APPELLATE RECORD; DECLARATION OF ALAN F. BROIDY** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

### SEE ATTACHED SERVICE LIST

__X__ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Services. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

____ OVERNITE EXPRESS: I caused such envelope to be sent via Overnite Express from Los Angeles, California **(as indicated)**.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 26, 2008 at Los Angeles, California.

/S/           Sherrie D. Fudge
SHERRIE D. FUDGE

# SERVICE LIST

**Re:** *In re: BRUCE G. FAGEL (MORALES, etc. v. FAGEL)*
**USDC Case No.: CV-07-2324-DDP**
**Adversary No.: 2:01-ap-01710-SB**

**COUNSEL FOR APPELLEE, BRUCE G. FAGEL, A LAW CORPORATION**
Joseph A. Eisenberg, P.C.
Michael J. Gottfried, Esq.
Jeffer, Mangels, Butler & Marmaro, LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-5010

**COUNSEL FOR BOTH APPELLEES**
Richard Akemon, Esq.
Law Offices of Bruce G. Fagel & Associates
100 N. Crescent Drive, Ste. 360
Beverly Hills, CA 90210

Daniel V. Smith, Esq.
P.O. Box 278
Kentfield, CA 94914