1  ALAN F. BROIDY, State Bar #89430
   LAW OFFICES OF ALAN F. BROIDY, APC
2  1925 Century Park East, Seventeenth Floor
   Los Angeles, California 90067
3  Telephone: (310) 286-6601
   Facsimile: (310) 286-6610
4  E-mail: ALAN@BROIDYLAW.COM

5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  In re                                  )  District Court Case No.: 2:07-cv-02324-DDP
                                           )
12  BRUCE G. FAGEL, a law corporation; and )  Bankruptcy Court Case Nos.:
    BRUCE G. FAGEL,                         )
13                                          )  BK. NO. LA-99-16480-SB
                        Debtors.            )  BK. NO. LA-99-15481-SB
14  ──────────────────────────────         )
                                           )  Adversary Case No.:
15  RUBY    MORALES,    a    minor    and   )
    incompetent, by and through her Guardian)  ADV LA 01-01710-SB
16  ad Litem, Denielle Morales,             )
                                           )  **NOTICE OF APPEAL**
17                       Plaintiff,         )
                                           )
18        vs.                               )
                                           )
19  BRUCE G. FAGEL, a law corporation; and )
    BRUCE G. FAGEL, individually,          )
20                                          )
                        Defendants.         )
21  ──────────────────────────────         )

22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

─────────────────────────────────────────────────
                    NOTICE OF APPEAL
                        - 1 -

1    **NOTICE IS HEREBY GIVEN** that pursuant to Rule 4 of the Federal Rules of Appellate

2    Procedure, Ruby Morales, a minor and incompetent, by and through her Guardian ad Litem, Denielle

3    Morales ("Appellant"), hereby appeals to the United States Court of Appeals for the Ninth Circuit from

4    the Order Affirming Judgment of the Bankruptcy Court entered in this action on June 17, 2010.

5    Attached hereto as Exhibit A is a copy of the Order (1) Affirming Judgment of the Bankruptcy

6    Court; (2) Affirming Bankruptcy Court's Denial of Defendants' Motion for Order Requiring

7    Disgorgement of "Excess Payment."

8

9    Dated: July 15, 2010                    **LAW OFFICES OF ALAN F. BROIDY, APC**

10

11

12                                           By: _____

13                                                ALAN F. BROIDY

14                                                Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## REPRESENTATION STATEMENT

The name of all the parties to the Order appealed from and the names, addresses, and telephone numbers for their respective attorneys are as follows;

1.    **Appellant:**

      Ruby Morales, a minor and incompetent by
      and through her Guardian ad Litem, Denielle Morales

2.    **Appellant's Attorneys:**

      Alan F. Broidy, Esq.
      Law Offices of Alan F. Broidy, APC
      1925 Century Park East, 17th Floor
      Los Angeles, CA 90067
      (310) 286-6601 Telephone
      (310) 286-6610 Telecopier

3.    **Appellees:**

      Bruce G. Fagel, Esq. and
      Bruce G. Fagel, A Law Corporation
      100 N. Crescent Drive, Ste. 360
      Beverly Hills, CA 90210
      (310) 281-8700 Telephone
      (310) 281-5656 Telecopier

4.    **Appellees' Attorneys:**

      A.    Joseph A. Eisenberg, P.C.
            Jeffer, Mangels, Butler & Marmaro, LLP
            1900 Avenue of the Stars, Seventh Floor
            Los Angeles, CA 90067
            (310) 203-8080 Telephone
            (310) 203-0567 Telecopier

      B.    Thomas S. Alch, Esq.
            Richard Akemon, Esq.
            Law Offices of Bruce G. Fagel & Associates
            100 N. Crescent Drive, Ste. 360
            Beverly Hills, CA 90210
            (310) 281-8700 Telephone
            (310) 281-5656 Telecopier

/ / /

/ / /

/ / /

1          C.      Daniel U. Smith, Esq.
                   P.O. Box 278
2                  Kentfield, CA 94914
                   (415) 461-5630 Telephone
3                  (415) 925-0625 Telecopier

4

5   Dated: July 15, 2010                    **LAW OFFICES OF ALAN F. BROIDY, APC**

6

7                                      By: _Alan F. Broidy_____

8                                           ALAN F. BROIDY
                                            Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 **NOTICE OF APPEAL**
                                       - 4 -

**EXHIBIT A**

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re Bruce G. Fagel, Debtor<br>In Re Bruce G. Fagel, A Law<br>Corporation, Debtor<br><br>Ruby Morales, a minor and<br>incompetent, by and through<br>her Guardian ad Litem,<br>Denielle Morales,<br><br>    Plaintiff,<br><br>    v.<br><br>Bruce G. Fagel, A Law<br>Corporaton; and Bruce G.<br>Fagel, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 07-02324 DDP<br><br>[Bankruptcy Nos. LA 99-16480 SB &<br>LA 99-16581 SB]<br><br>[Adversary Case No. LA 01-01710-<br>SB]<br><br>**Order (1) Affirming Judgment of<br>the Bankruptcy Court; (2)<br>Affirming Bankruptcy Court's<br>Denial of Defendants' Motion for<br>Order Requiring Disgorgement of<br>"Excess Payment"** |

    This matter comes before the Court on appeal by Ruby Morales,
by and through her Guardian ad Litem, Denielle Morales ("Morales")
from the bankruptcy court's judgment determining damages for
attorney Bruce G. Fagel's professional malpractice.  Bruce G.
Fagel, in his individual capacity, and Bruce G. Fagel, A Law
Corporation (together "Fagel"), cross-appealed from the bankruptcy
court's order denying Fagel's motion for an order requiring Morales

1  to disgorge "excess payment" pursuant to the parties' 2002
2  stipulation.  For the reasons set forth below, the Court AFFIRMS
3  (1) the bankruptcy court's damages judgment; and (2) the bankruptcy
4  court's order denying Fagel's request for an order requiring
5  disgorgement of excess payment.

6  **I.  Background**

7      This case has a long and complex procedural history.  It has
8  come before this Court on appeal on three prior occasions, and the
9  proceedings before the bankruptcy court began more than ten years
10  ago (the origins of the parties' dispute lie even deeper in the
11  past).  The following summary is drawn, in large part, from the
12  Court's previous orders.

13      In 1991, in the course of receiving medical care at UCLA
14  Medical Center, Ruby Morales suffered severe brain damage from
15  oxygen deprivation.  She is now a spastic quadriplegic and requires
16  24-hour nursing care.  On September 11, 1991, Fagel, an attorney
17  specializing in medical malpractice claims, filed a malpractice
18  complaint against the Regents of the University of California in
19  state court on Ruby's behalf.  Counsel for the Regents – attorney
20  David O'Keefe - was concurrently defending Fagel in a separate,
21  unrelated legal malpractice action.  Fagel did not inform the
22  Morales family that O'Keefe was representing him in another matter.

23      Fagel negotiated a settlement with the Regents and filed a
24  petition in the state court proceeding requesting an order
25  approving the settlement as a minor's compromise of a disputed
26  claim.  Prior to the hearing on the petition, Fagel met with the
27  Morales family and discussed the terms of the settlement.  He did
28  not, however, disclose certain material conditions.  Some time

2

1  after the state court adopted an order enforcing the settlement,
2  Denielle Morales filed a state court action against Fagel for
3  professional negligence, fraud, breach of fiduciary duties, breach
4  of contract, and infliction of emotional distress.   In November
5  1998, the trial court in legal malpractice action entered judgment
6  on the jury verdict in favor of the Morales family, awarding
7  $15,012,240.68 to Ruby and $250,000 to Robert and Denielle Morales.
8  On February 8, 1999, Fagel filed a notice of appeal from the
9  judgment.

10      On February 19, 1999, Fagel filed for bankruptcy under Chapter
11  11 of the United States Code.   In June 1999, Ruby and her parents
12  filed claims in Fagel's bankruptcy proceeding.

13      In August 2000, the California Court of Appeals affirmed the
14  jury's verdict with respect to Fagel's liability to Ruby, but
15  reversed the judgment of liability as to Robert and Denielle
16  Morales, and remanded for a recalculation of damages.
17  Subsequently, the parties in the bankruptcy proceeding agreed to
18  convert the matter into an adversary proceeding for a rendition of
19  final judgment on the malpractice damages issue.   In April 2002,
20  the bankruptcy court awarded Ruby damages totaling $4,155,801, and
21  ordered Fagel to pay Ruby's attorney's fees and costs and to
22  purchase a life insurance annuity in Ruby's name.

23      On May 1, 2002, Fagel and Ruby entered into a stipulation
24  regarding: (1) dismissal of Chapter 11 cases; (2) preservation of
25  appellate rights; (3) distribution to creditors; and (4) related
26  matters.   Pursuant to the stipulation, Fagel paid Ruby $6,000,000
27  in exchange for Ruby's consent to the dismissal of the Chapter 11
28  claims filed in June 1999.   Both parties, however, reserved their

3

1   appellate rights regarding the bankruptcy court's rulings on a

2   range of issues (including the size of the malpractice damages

3   award).  The bankruptcy court entered an order approving the

4   stipulation and dismissing the Chapter 11 cases on May 28, 2002.

5       In June 2002, a San Diego County probate court authorized the

6   creation of a trust for Ruby's support, with Union Bank serving as

7   trustee.  The funds in the trust were obtained from the $6,000,000

8   payment Fagel made pursuant to the parties' May 2002 stipulation.

9       Fagel appealed the bankruptcy court's April 2002 damages

10  award, and Morales cross-appealed.  On June 12, 2003, this Court

11  reversed and remanded, instructing the bankruptcy court to make

12  specific factual findings and to recalculate the damages award in

13  accordance with those findings.

14      On September 7, 2004, after another round of briefing and oral

15  argument, the bankruptcy court found that Ruby was entitled to a

16  total damages award of $3,464,279.  Ruby subsequently appealed the

17  judgment and Fagel cross-appealed.  The Court again reversed and

18  remanded, instructing the bankruptcy court to address three issues:

19  (1) whether the three per cent (3%) discount rate that the

20  bankruptcy court utilized in calculating the damages award was the

21  appropriate rate; (2) whether the bankruptcy court calculated post-

22  judgment interest properly; and (3) whether the bankruptcy court's

23  award of compound interest was proper.

24      Following the bankruptcy court's September 7, 2004 ruling on

25  damages (and while the appeal of that award was pending), Fagel

26  filed a motion seeking to compel Ruby and Union Bank to return the

27  difference (plus interest) between the $6,000,000 that had been

28  paid pursuant to the 2002 stipulation and the bankruptcy court's

4

1   September 2004 damages award.  On April 4, 2005, the bankruptcy
2   court denied Fagel's motion, concluding that "said motion is
3   premature in light of the pendency of the appeals by both Fagel and
4   Ruby Morales. . . ."

5       On April 14, 2005, Fagel filed a "Notice of Appeal of Order
6   Denying Fagel Motion to Enforce Stipulated Order, Require Plaintiff
7   and Transferees to Disgorge Excess Payment, and Enter Judgment in
8   Favor of Fagel Defendants."  The appeal was transferred from the
9   Bankruptcy Appellate Panel to this Court.  The Court denied
10  Morales's motion to dismiss the appeal, but did not issue a ruling
11  reversing the bankruptcy court's order denying Fagel's disgorgement
12  request (the appeal was rendered moot when the Court vacated the
13  September 7, 2004 damages award and remanded the case to the
14  bankruptcy court).

15      On September 5, 2005, following a one-day trial on the
16  remanded damages issues, the bankruptcy court entered an order
17  adopting the relevant discount rates, and directing the parties to
18  submit a schedule of damages based on those rates.  One week later,
19  Fagel filed a schedule of damages proposing a total damages figure
20  of $2,687,298.  Fagel also requested entry of a "net judgment" in
21  his favor, reasoning that the damages award subtracted from the $6
22  million that he paid to Morales pursuant to the 2002 stipulation
23  amounted to an excess payment of over $3 million.  On October 30,
24  2006, the bankruptcy court granted a net judgment in favor of
25  Fagel, based on the figures that Fagel submitted.

26      Morales filed a motion to alter or amend the judgment, and the
27  bankruptcy court granted the motion on December 5, 2006.  Morales
28  then filed a schedule of damages proposing a damages figure of

5

1   $4,242,588, and Fagel filed an amended schedule of damages (in two

2   forms, one in the form of a net judgment in favor of Fagel, and the

3   other in the form of a judgment in favor of Morales). Both of

4   Fagel's proposed judgments reflected a total malpractice damages

5   award of $2,966,725.

6       On January 17, 2007, the bankruptcy court issued an "Amended

7   Judgment" determining Morales's damages to be $2,966,725, and

8   providing for a net judgment in favor of Fagel in the amount of

9   $3,033,275, plus interest from June 10, 2002. On January 26, 2007,

10  Morales filed a motion to amend or alter the Amended Judgment,

11  challenging, in relevant part, the bankruptcy court's decision to

12  enter judgment in the form of a net judgment in favor of Fagel. On

13  February 27, 2007, after holding a hearing on Morales's motion, the

14  bankruptcy court vacated the Amended Judgment, and entered a new

15  judgment, in favor of Morales, awarding her damages in the amount

16  of $2,966,725. Morales filed a notice of appeal from the judgment

17  on March 9, 2007.

18       Fagel then filed a "Motion for Order 1) Enforcing Stipulated

19  Order and 2) Requiring Plaintiff and Her Transferees to Disgorge

20  'Excess Payment' Pursuant to Stipulated Order." On June 26, 2007,

21  the bankruptcy court held a hearing on Fagel's motion. Judge

22  Bufford considered Fagel's argument that the parties' 2002

23  stipulation required immediate disgorgement of excess payment

24  (i.e., the damages award subtracted from the $6 million that Fagel

25  paid to Morales pursuant to the 2002 stipulation), and concluded

26  that Fagel's motion was premature. In reaching his conclusion,

27  Judge Bufford observed that issues in the litigation remain "on

28  appeal," and under the terms of the stipulation, all appeals

1  related to the damages award must be concluded prior to

2  disgorgement of any excess payment.

3      Fagel timely cross-appealed the order denying his disgorgement

4  motion.  The Court set a consolidated briefing schedule so that

5  both appeals could be heard together.  Morales filed her opening

6  brief on November 6, 2007.  Fagel filed his reply and opening brief

7  in the cross-appeal on December 17, 2007.  Appellant filed her

8  reply in the cross-appeal on May 9, 2008.

9  **II.  Legal Standard**

10     On appeal, the bankruptcy court's findings of fact are

11 reviewed under a clearly erroneous standard, and its conclusions of

12 law are reviewed de novo.  <u>In re Tucson Estates, Inc.</u>, 912 F.2d

13 1162, 1166 (9th Cir. 1990).

14 **III. Analysis**

15     A.   Morales's Appeal

16     Morales appeals from the bankruptcy court's February 2007

17 judgment determining the amount of damages arising from Fagel's

18 legal malpractice.  She contends that the bankruptcy court's

19 $2,966,725 damages figure is not supported by the evidence in the

20 record, and accordingly, that Judge Bufford abused his discretion

21 in entering judgment in that amount.  Upon reviewing the record of

22 the proceedings below, the Court is persuaded that Morales waived

23 her challenge to the damages figure.

24     On February 27, 2007, at the hearing on Morales's second (and

25 final) motion to alter or amend the judgment, counsel for Morales

26 engaged in the following colloquy with Judge Bufford:

27     COURT: And your position today is what is the number that
       should be –
28

COUNSEL: It's Fagel's number.  The Court has already ruled on that.  And its Fagel's numbers, which is $2,966,725.  Those are the numbers that Mr. Fagel submitted and this Court accepted.

COURT: That's $2,966,721?

COUNSEL: Seven hundred twenty-five.

COURT: Seven hundred and twenty-five.

COUNSEL: And that's the judgment that this Court ordered, and that's the judgment that should be entered.  We're not arguing about that because we believe that should be honored.  That's the Court's order.  Those are Fagel's proposed orders.  And that's the judgment – the vanilla judgment that Ms. Ruby Morales is entitled to.  And with that, your honor, we submit.

(Excerpt's of Record ("ER") 1112-13.)

    After asking the bankruptcy court at the final hearing on the matter to enter a damages judgment of $2,966,725, Morales cannot now challenge that figure as unsupported by the evidence.  At the hearing Morales was, of course, focused on persuading the bankruptcy court to reconsider its earlier decision entering a net judgment in Fagel's favor.  The thrust of the argument at the hearing focused on whether the parties' 2002 stipulation required the bankruptcy court to enter a judgment requiring Morales to pay Fagel approximately $3 million (i.e., the prior $6 million settlement figure minus the bankruptcy court's approximately $3 million damages award).  Nonetheless, Morales had an opportunity to dispute the merits of the bankruptcy court's damages figure and she declined to do so.  As a result, the Court entered its final judgment with the apparent consent (as to the damages figure) of both parties.  See BankAmerica Pension Plan v. McMath, 206 F.3d 821, 826 (9th Cir. 2000) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an

1 issue and instead chooses a position that removes the issue from

2 the case."). Accordingly, the Court affirms the bankruptcy court's

3 damages determination.

4     B. Fagel's Cross-appeal

5     Fagel cross-appeals from the bankruptcy court's order denying

6 his request for entry of a "net judgment" that would result in

7 disgorgement of approximately $3 million out of the $6 million that

8 Fagel paid to Morales pursuant to the parties' 2002 stipulation.

9     The Court agrees with the bankruptcy court that Fagel's motion

10 for disgorgement is premature.

11     Fagel relies on Paragraph J of the 2002 stipulation, which

12 states

13     If, as and when, as a consequence of the final disposition of
the aforementioned appeals, it is determined that Morales was

14 entitled to recover from Debtors [Fagel and his corporation]
less than the Six Million Dollars ($6,000,000) paid in

15 accordance with Paragraph E hereof (the "Excess Payment"),
Morales, or any successor in interest of and to Morales . . .

16 shall (I) immediately pay such excess payment, in cash, in
full, to Debtors. . . .

17

18 (ER 736-37.) Fagel contends that the stipulation specifically

19 identifies several appeals that were then pending (the then pending

20 appeal of the bankruptcy court's 2002 damages award, for example),

21 and thus, those appeals must be the "aforementioned appeals"

22 referenced in Paragraph J. Because those specifically enumerated

23 appeals have concluded, Fagel argues, Morales must immediately

24 return the difference between the $6 million payment and the

25 bankruptcy court's February 2007 damages award.

26     The Court disagrees. Taken as a whole, the stipulation

27 clearly provides that any entitlement to disgorgement of excess

28 payment would not accrue until after the conclusion of all appeals

1   related to the bankruptcy court's determination of Morales's
2   damages award.  Put differently, Fagel's right to collect any
3   "excess payment" from Morales or her transferees requires a final,
4   post-appeal determination of how much Fagel was obligated to pay
5   Morales in the first place.  Only then can the proper amount of
6   "excess payment" be calculated and, subsequently, recovered.
7       The Court's understanding of the stipulation flows from the
8   document's plain language.  Paragraph E, for example, states that
9   the $6 million settlement payment would be conferred without
10  prejudice to "all rights of appeal of [Fagel] and Morales,
11  respectively, with respect to the Damages Award, the Attorneys Fees
12  Award, the Costs Award, the Judgment, the Appeal, the Cross Appeal,
13  the Approval Order, the Approval Order Appeal, the Supplemental
14  Structured Payment Request, and various matters and issues
15  pertaining thereto."  (ER 734 (emphasis added).)  Similarly,
16  Paragraph H of the stipulation provides that "[u]ntil such time as
17  all appeals in respect of the Damages Award, the Attorneys Fees
18  Award, the Costs Award, the Judgment, the Appeal, the Cross Appeal,
19  the Approval Order, the Approval Order Appeal, the Structured
20  Payment Request, and various matters and issues pertaining thereto
21  have been finally resolved, [Fagel] shall maintain the sum of
22  $667,303.33" in a confirmation deposit, to be paid to Morales if
23  the ultimate damages award exceeded the $6 million settlement
24  payment.  (ER 735.)  Both Paragraphs signal an intent to reserve
25  repayment of settlement funds (or any obligation to increase the
26
27
28

10

000014

1  damages payment beyond the settlement amount) until after all

2  appeals related to the damages award have been resolved.[1]

3      Because Morales's appeal of the February 2007 damages award

4  was pending at the time Fagel filed his motion seeking disgorgement

5  of excess payment, the bankruptcy court did not err in concluding

6  that the motion was premature.  Accordingly, the Court affirms the

7  bankruptcy court's order denying the motion.

8  **IV.   Conclusion**

9      For the reasons set forth above, the Court AFFIRMS (1) the

10  bankruptcy court's damages judgment; and (2) the bankruptcy court's

11  order denying Fagel's motion for disgorgement.  In addition the

12  REQUEST(S) [docket numbers 27, 28 and 37] are vacated.

13

14

15  IT IS SO ORDERED.

16

17

18  Dated: June 17, 2010

19                              DEAN D. PREGERSON
                                United States District Judge

20

21      [1]     Fagel relies heavily on dicta in the Court's 2005 order
22  denying Morales's motion to dismiss a prior appeal to suggest that
    the Court has already accepted his construction of the 2002
23  stipulation.  In the 2005 order, the Court implied that the
    stipulation could be construed as requiring disgorgement upon
24  resolution of the specific identified appeals in the 2002
    stipulation.  The Court did not, however, reverse Judge Bufford's
25  conclusion that Fagel's 2005 disgorgement motion was premature;
    indeed, the Court did not reach the issue.  With the issue now
26  squarely before it, the Court concludes that Fagel is not entitled
    to disgorgement until after the conclusion of all appeals in this
27  litigation.  The current appeal before the Court is a component of
    the ongoing adversary proceeding involving Morales and Fagel, and
28  thus, pursuant to the parties' stipulation, Fagel's motion for
    disgorgement is premature.

11

| In re: BRUCE G. FAGEL, a law corporation; & BRUCE G. FAGEL, (Debtors)<br><br>RUBY MORALES, et al. vs. BRUCE G. FAGEL, et al. | Dist Ct Case No. 2:07-cv-02324-DDP<br>Bankr Ct Case Nos.: 2::99-16480-SB &<br>2:99-15481-SB<br>Adv. Case No.: 2:01-01710-SB |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1925 Century Park East, 17th Floor
Los Angeles, CA 90067

The foregoing document described as **NOTICE OF APPEAL**  will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On 07/15/2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Joseph A. Eisenberg, P.C.                    E-mail: jeisenberg@jmbm.com, bt@jmbm.com
Richard Aekmon, Esq.                         E-mail: richardakemon@fagellaw.com, richardakemon1@verizon.net
                                             ☐      Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 07/15/2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

Daniel V. Smith, Esq.                        William G. Wilson, Esq.
P.O. Box 278                                 P.O. Box 17704
Kentfield, CA 94914                          Beverly Hills, CA 90209

                                             ☐      Service information continued on attached page

**III. SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

                                             ☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


July 15, 2010            SHERRIE D. FUDGE            /S/                    Sherrie D. Fudge
    Date                   Type Name                    Signature